**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NASSER HAMEDANI, an individual doing business as GLOBAL VISION UNLIMITED,<br><br>    Plaintiff,<br><br>vs.<br><br>BAYER CORPORATION, an Indiana Corporation, BAYER HEALTHCARE LLC, a Delaware Limited Liability Company,<br><br>    Defendants. | Case No. C 05 02781 MJJ<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER |

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel of record for Plaintiff, Nasser Hamedani ("Hamedani"), and Defendants, Bayer Corporation and Bayer HealthCare LLC (collectively, "Bayer"), that there is good cause, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for the entry of a protective order in this action for the reasons set forth below.

IT IS FURTHER STIPULATED AND AGREED that the discovery that is anticipated will encompass confidential marketing and financial data, future business plans, confidential customer information and trade secrets, which, if disclosed without adequate controls, would put the disclosing party at a commercial disadvantage. Accordingly, the parties believe a Protective Order is necessary in order to control the disclosure of confidential information among the parties. Further, Hamedani and Bayer have agreed, as set forth in more detail below, to act in good faith in designating confidential information as "HIGHLY CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," in recognition of the public policy disfavoring the filing of documents under seal.

IT IS FURTHER STIPULATED AND AGREED, by and between the undersigned counsel of record for Hamedani and Bayer, and subject to the approval of the Court, that if in the course of these proceedings either party or any third-party witness has occasion to disclose information designated by such party as "Protected Information" (as defined below), the following procedures shall be employed and the following restrictions shall govern:

1. This Stipulated Protective Order ("Order") applies to all documents, information, tangible things, and testimony disclosed during discovery in this action ("Discovery Material") by a party in this action or by a third party ("Disclosing Party") to another party(ies) ("Receiving Party"), including all portions of transcripts of depositions, exhibits, answers to interrogatories, responses to requests for admission, documents or things, that are designated by the Disclosing Party in accordance herewith as containing or comprising confidential or proprietary information within the meaning of Fed. R. Civ. P. 26(c)(7) (hereinafter "Protected Information") as more fully set forth herein.

2. "Highly Confidential Information" and "Attorneys' Eyes Only Information" mean Protected Information of the type contemplated by Fed. R. Civ. P. 26, and which has not been made public by the Disclosing Party and which the Disclosing Party regards as proprietary, as more fully defined in Paragraphs 4 and 7.

3. Unless the parties agree in writing otherwise, all Discovery Material containing Protected Information shall be used solely in connection with the claims or defenses in this action. Any such Discovery Material containing Protected Information shall not be used for any business, commercial, competitive, personal, or other purpose. Protected Information shall not be disseminated to anyone, nor made public, nor used, except as permitted by this Stipulated Protective Order or by order of the Court. Nothing in this Order shall restrict a Disclosing Party in any manner with regard to use or disclosure of its own Protected Information.

4. A Disclosing Party may designate as "Highly Confidential" any Discovery Material that contains Protected Information, including, but not limited to, confidential financial and business information or other proprietary business or technical information of either its own or of another which the Disclosing Party is under a duty to maintain highly confidential. Highly Confidential Information as used in this Order shall refer to any so designated material and all copies thereof, and shall also refer to the information contained in such materials. No designation shall be made unless counsel of record believes in good faith that the designated material is entitled to protection under Fed. R. Civ. P. 26.

5. Except as provided in Paragraph 10, all documents containing Highly Confidential Information shall be marked at the time that copies are produced to a Receiving Party with the legend "HIGHLY CONFIDENTIAL" stamped or labeled on each page (or on the first page only of a bound document) in a manner so as not to interfere with the legibility thereof.

6. Discovery Materials designated as Highly Confidential shall be maintained in confidence by the Receiving Party pursuant to the requirements of Paragraph 3 herein, and shall not be disclosed to any person except:

    (a) the Court and its officers, under seal, following a granting of a motion to file under seal pursuant to Local Rule 79-5;

    (b) lead and local counsel of record and employees of such counsel of record;

    (c) in-house counsel and their support staff; and

    (d) third parties engaged by counsel or the parties to assist in this litigation provided that such third party has signed an undertaking in the form of Exhibit A hereto (copies of which signed declaration shall be provided to the other parties herein only upon a showing of good cause).

7. A Disclosing Party may designate as "Attorneys' Eyes Only" any Discovery Material that contains Protected Information that constitutes trade secret or other proprietary competitive information that the Disclosing Party believes in good faith should not be disclosed to persons other than lead and local counsel of record, employees of such counsel of record, and independent experts or consultants. Attorneys' Eyes Only Information shall refer to any so designated material and all copies thereof and shall also refer to the information contained in such materials. No designation shall be made unless counsel of record believes in good faith that the designated material is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure and the standard set forth herein.

8. All documents containing Attorneys' Eyes Only Information shall be marked at the time that copies are produced to a Receiving Party with the legend "ATTORNEYS' EYES ONLY" stamped or labeled on each page (or on the first page only of a bound document) in a manner so as not to interfere with the legibility thereof.

9. Discovery materials designated as Attorneys' Eyes Only shall be maintained in confidence for use by litigation counsel who must have access to such documentation solely for use in connection with this action and shall not be disclosed to any person except:

(a) the Court and its officers, under seal following a granting of a motion to file under seal pursuant to Local Rule 79-5;

(b) lead and local counsel of record and employees of such counsel of record; and

(c) third parties engaged by counsel or the parties to assist in this litigation provided that such third party has signed an undertaking in the form of Exhibit A hereto (copies of which signed declaration shall be provided to the other parties herein only upon a showing of good cause).

10. When producing files and records for inspection, no marking need be made by the Disclosing Party in advance of the inspection. For purposes of the inspection by the Receiving Party, all documents produced shall be considered as "Attorneys' Eyes Only." Thereafter, upon selection of specified documents for copying by the Receiving Party, or should the Disclosing Party copy and produce documents directly without an initial inspection, the Disclosing Party shall mark the documents as provided for in Paragraphs 5 and 8.

11. Specific testimony at a deposition may be designated "Highly Confidential" or "Attorneys' Eyes Only" by making a statement to that effect on the record at the deposition. Categories of deposition testimony containing Protected Information may also be designated at the deposition if it appears in good faith that, based on the question or series of questions, the answer(s) will involve topics appropriate for such designations, and it would be more efficient to designate by categories. If testimony at a deposition is designated Highly Confidential or Attorneys' Eyes Only, only those persons who may have access to such Protected Information, under the terms of this Order, may be in attendance to hear that testimony.

12. The Disclosing Party shall require that the court reporter provide separate transcript volumes for the "Highly Confidential" and "Attorneys' Eyes Only" portions of the transcript. A Disclosing Party designating hearing or deposition testimony as "Highly Confidential" or "Attorneys' Eyes Only" shall have the covers of such volumes of the transcript separately labeled by the court reporter with the respective legends in materially the following forms:

"HIGHLY CONFIDENTIAL — THIS PORTION OF THIS TRANSCRIPT CONTAINS INFORMATION WHICH HAS BEEN DESIGNATED HIGHLY

CONFIDENTIAL PURSUANT TO THE PROTECTIVE ORDER IN THIS ACTION."

or

"ATTORNEYS' EYES ONLY — THIS PORTION OF THIS TRANSCRIPT CONTAINS INFORMATION WHICH HAS BEEN DESIGNATED ATTORNEYS' EYES ONLY PURSUANT TO THE PROTECTIVE ORDER IN THIS ACTION."

13. Within a 30-day period after receipt by the Disclosing Party of the deposition or hearing transcript, counsel for the Disclosing Party shall have the opportunity to review the transcript and correct any mis-designations and shall make any additional designations by page and line number believed in good faith to constitute Protected Information. Counsel for the Disclosing Party shall notify, in writing, the court reporter and the Receiving Party within such 30-day period of such corrections or additional designations. Prior to the expiration of the 30-day period, counsel for the Receiving Party shall retain and treat any non-designated portions of the transcript as Attorneys' Eyes Only Information (except that the witness deposed may be furnished with a copy of his transcript).

14. A Receiving Party may show any employee of the Disclosing Party a document designated by the Disclosing Party as Protected Information for the purpose of interrogation at a deposition or hearing.

15. Neither anything in this Order nor acceptance by a party of information disclosed pursuant to this Order shall constitute or be construed as an acknowledgement or admission that any Discovery Materials designated by a Disclosing Party as such are in fact Protected Information or entitled to confidential treatment. This Order shall be without prejudice to either party to question at any time whether or not any particular information is Protected Information.

16. If a party designates any Discovery Material as Protected Information, and the Receiving Party objects in writing that the designation is not warranted or justified as to all or any part of the designated material, the Disclosing Party, in compliance with any orders by the Court, shall confer in good faith, in person or by telephone, with the Receiving Party to reconsider the challenged designation. If, after conferring, the Receiving and Disclosing Parties are unable to reach agreement as to the challenged designation, then the objecting party may file a motion for a determination by the Court as to the unresolved objections and the appropriateness of the challenged designation. If the objecting party does not file a motion challenging the designation within sixty (60) days from the date the Receiving and Disclosing Parties first confer on the issue, and unless otherwise ordered by the Court, the challenged designation shall stand. The Disclosing Party shall have the burden of proving the propriety of the challenged designation.

17. Nothing in this Order shall preclude any Receiving Party, or any other person who is bound by this Order, from utilizing information that was known to or possessed by the Receiving Party or other person before the Receiving Party or other person became bound by this Order, or which lawfully came into the Receiving Party's or other person's possession outside of the discovery process in this action. Any such use of such information shall not constitute a violation of this Order. Nevertheless, each Disclosing Party retains the right to pursue any claim or defense it may have against any Receiving Party or other person arising from such use of such information. However, if a Disclosing Party disputes the Receiving Party's or other person's position, it shall object in writing, and shall proceed as set forth in Paragraph 16 hereto. If the Court determines that, consistent with Fed. R. Civ. P. 26(c)(7) and the provisions of this Stipulated Protective Order, the information in question appears to be of a type that should be

characterized as Protected Information, then any Receiving Party or other person claiming that the information has been in the possession of such Receiving Party or other person or has been in the public domain prior to disclosure of such information through discovery, shall have the burden of proving such public knowledge.

18. Should any party to this litigation obtain documents or information from a third party, by subpoena or otherwise, that contain, or can reasonably be assumed to be, or with respect to which it has been advised contains, Protected Information of a party to this litigation, such documents or information shall be treated by the Receiving Party as Highly Confidential Information or Attorneys' Eyes Only Information under this Order, as appropriate, unless expressly released in writing by the party that is the owner of such Protected Information or otherwise ordered by the Court.

19. Any documents that are filed with the Court which contain Highly Confidential Information or Attorneys' Eyes Only Information may be filed under seal in accordance with the Court's order granting the filing party's application pursuant to Local Rule 79-5 and in accordance with the criteria set forth in Local Rule 79-5. All such documents shall be filed in a sealed envelope bearing title of the case, the case number, the title of the document and the following statement:

### CONFIDENTIAL

This envelope contains confidential information and is filed pursuant to the Stipulated Protective Order dated _____, 2006. The confidentiality of the material is to be maintained and the envelope is not to be opened, or the contents revealed to any individual, except by order of the Court.

20. If Protected Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must: (a) immediately bring all

pertinent facts relating to such disclosure to the attention of all counsel of record and, (b) without prejudice to other rights and remedies of the Disclosing Party, make reasonable efforts to prevent further disclosure of the Protected Information by the person who improperly received such information.

21. The inadvertent or unintentional failure to designate discovery materials as Highly Confidential or Attorneys' Eyes Only shall not be deemed a waiver in whole or in part of a Disclosing Party's claim of confidential treatment under the terms of this Order. If a document, transcript, or thing is produced for which the designation "Highly Confidential" or "Attorneys' Eyes Only" is lacking but should have appeared, the Disclosing Party may restrict future disclosure of the document, transcript, or thing in accordance with this Order by notifying the Receiving Party in writing of the change in or addition of such restrictive designation with respect to the document, transcript, or thing, and providing substitute copies, with appropriate designations, of each such document, transcript, or thing. The Receiving Party shall then take reasonable steps to prevent any further disclosure of such newly designated Protected Information, except as permitted by this Order, and shall, within ten (10) business days of receipt of the substitute copies, return or destroy the originally produced items and all copies.

22. Any person in possession of another party's Protected Information who receives a subpoena (or other process) from any person (including natural persons, corporations, partnership, firms, governmental agencies, departments or bodies, boards, or associations) that is not a party to this Order seeking production or other disclosure of such Protected Information shall, if not otherwise prohibited by law, give prompt written notice to counsel for the party or nonparty who produced and/or designated the materials as Protected Information, identifying the material sought and enclosing a copy of the subpoena or other process. Where possible, at least

ten (10) business days' notice before production or other disclosure shall be given. In no event shall production or disclosure be made before the latest of: (1) the date on which the notice is given, or (2) the return date of the subpoena or other process. The party receiving the subpoena (or other process) shall reasonably cooperate with efforts by the Disclosing Party to oppose production pursuant to the subpoena or to condition production upon the imposition of conditions to protect against public disclosure of the Protected Information. Further, if production pursuant to the subpoena or other process is required before reasonable notice can be given to counsel for the party or nonparty who produced and/or designated the material sought, counsel for the party receiving the subpoena shall object in writing to the production by stating that the Protected Information sought has been designated "Highly Confidential" or "Attorneys' Eyes Only."

23. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence.

24. Within thirty (30) days of final termination of this action, including any appeals (or such other amount of time on which counsel mutually agree), each Receiving Party shall be under obligation to assemble and return to the Disclosing Party, or alternatively, upon mutual agreement of the parties and counsel, to destroy and provide a certificate of destruction of, all Protected Information received, directly or indirectly, from the Disclosing Party, including all copies of such material which may have been made. The return of such material shall be acknowledged by the Disclosing Party in writing. Furthermore, counsel shall destroy all copies with any attorneys' markings, and any digests or summaries thereof which have been made, or prepared from such documents in the course of creating attorney work product. Notwithstanding

the foregoing, a single copy of such Protected Information may be retained for archival purposes only in outside counsel's files.

25. Notwithstanding the foregoing provisions, this Stipulated Protective Order shall be without prejudice to the right of any party to challenge the propriety of discovery on grounds of privilege, relevance, materiality, undue burden, or as is otherwise provided for under Fed. R. Civ. P. 26. Nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility at trial of any documents produced or information obtained during the discovery process.

26. This Stipulated Protective Order shall be without prejudice to the right of any party to apply to the Court for relief from this Order as justice may require.

27. This Court shall retain jurisdiction to enforce the terms of this Stipulated Protective Order for six (6) months after the final termination of this action.

Dated: April 4, 2006  \_\_\_\_\_/s/ Kevin R. Martin_____
**McNichols Randick O'Dea & Tooliatos, LLP**
Kevin R. Martin
Partick E. Guevara
5000 Hopyard Road, Suite 400
Pleasanton, CA 94588
Telephone: (925) 460-3700
Facsimile: (925) 460-0969

Dated: April 4, 2006  _____/s/ Angela K. Steele_____
**Pattishall, McAuliffe, Newbury, Hilliard & Geraldson LLP**
Raymond I. Geraldson, Jr.
Thad Chaloemtiarana
Danielle B. Lemack
Angela K. Steele
311 South Wacker Drive, Suite 5000
Chicago, Illinois 60606
Telephone: (312) 554-8000
Facsimile: (313) 554-8015

**Glynn & Finley, LLP**
Clement L. Glynn
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, California 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975

IT IS SO ORDERED:

Dated: __April 11__, 2006

_____
United States District Judge

EXHIBIT A

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| NASSER HAMEDANI, an individual doing business as GLOBAL VISION UNLIMITED,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BAYER CORPORATION, an Indiana corporation, BAYER HEALTHCARE LLC, a Delaware Limited Liability Company,<br><br>　　　　　Defendants. | Case No. C 05 02781 MJJ<br><br>NON-DISCLOSURE AGREEMENT PURSUANT TO STIPULATION AND PROTECTIVE ORDER |

　　　　I am employed as _____ [position] by _____, [name of employer], located at _____ _____ [address]. I acknowledge that I have read the Protective Order entered by the Hon. Martin J. Jenkins on _____, 2006 in the action entitled *Nasser Hamedani, an individual doing business as Global Vision Unlimited v. Bayer Corporation and Bayer Healthcare LLC* Case No. C05-02781 MJJ (N.D. Cal.), that I understand the terms thereof, and that I agree to be bound by such terms. I agree to submit to the jurisdiction of the United States District Court for the Northern District of California, San Francisco Division, if any disputes arise over my use of the information I receive pursuant to this Non-Disclosure Agreement.

　　　　Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

　　　　Executed this _____ day of _____ at _____, _____.

　　　　　　　　　　　　　　　　　　　　　　Name:_____

　　　　　　　　　　　　　　　　　　　　　　Title:_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Case 3:05-cv-02781-MJJ Document 38 Filed 04/04/2006 Page 14 of 14